The opinion of the court was delivered by
Bebmubez, O. J.
This is an action for the recovery of real estate, in the name of defendant, to which plaintiff claims title.
*1166 The substantial averment is that one Benton had agreed to buy the property for his account, to defendant’s knowledge; that defendant was the agent and trustee of Benton, and, through a conspiracy between them, acquired the land and holds it in his name for Benton.
Taylor filed exceptions, which were overruled. These were followed by a general denial.
Benton was not made a party, and made no appearance.
From an adverse judgment plaintiff appeals.
Interrogatories on facts and articles were propounded to establish the facts charged, but the answers of the defendant admitted no circumstance from which liability is inferrible.
Oral testimony was offered, but, on objection, it was rejected and bills were reserved.
A writing purporting to show an agreement between counsel for plaintiff and Benton, to pay for the running of lines by an engineer, so as to divide the property in dispute, is in the record.
There was some proof administered tending to show matters which have little or no reference to the land in question, and which maybe deemed irrelevant.
The rulings of the District Court are correct.
Parol testimony could not.be received to prove the agreement between plaintiff and Benton. Agency to purchase real estate must be established in writing.
Oral pi’oof could not have been admitted against Benton, had he been made a party; still less can it be where he is not connected with the suit, and the only defendant is apparently a third person.
The agreement to have the lines run proves nothing of the kind.
The answers of the defendant to the interrogatories were not negatived in writing, and could not be by testimony.
It is useless to refer to authorities.
Judgment affirmed.